IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BENVENUTI CONSULTING<br><br>Plaintiff,<br><br>v.<br><br>BITEX, LLC;<br>JAMES WOLFGRAMM,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:19-cv-00251<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On May 4, 2020, Defendant James Wolfgramm's counsel filed a motion to withdraw. *See* Dkt. No. 45. On May 19, 2020, Magistrate Judge Oberg granted the motion and instructed Mr. Wolfgramm that "Client or new counsel for Client must file a Notice of Appearance within twenty-one days after the entry of this order," as required by DUCivR 83-1.3. Dkt. No. 49. Judge Oberg further warned that "[a] party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment." *Id*.

On July 13, 2020, Judge Oberg denied the Plaintiff's Motion for Entry of Default on the ground that Mr. Wolfgramm had initially filed an answer, and "therefore did not 'fail[] to plead or otherwise' defend this action as required for entry of a default under [Fed R. Civ. P.] 55(a) and DUCivR 55-1(a)." *See* Dkt. No. 51 at 2. Judge Oberg warned, however, that "default judgment may be entered against Mr. Wolfgramm as a sanction for his failure to comply with the court's orders pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A)(vi)," and she stated that the Plaintiff "may file a new motion seeking default judgment as a sanction against Mr. Wolfgramm." *Id*.

On October 22, 2020, Plaintiff filed a Motion for Default Judgment. *See* Dkt. No. 52. On October 27, 2020 the court issued an order requiring Mr. Wolfgramm to enter an appearance or show cause why default judgment should not be entered against him pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A)(vi). *See* Dkt. No. 53. The court gave Mr. Wolfgramm until November 2, 2020 to show cause or enter an appearance. *Id*. To date, he has not filed any response to the show cause order and no appearance has been entered.

Local rule DUCivR83-1.4(e)(5) provides that "[a]n unrepresented party who fails to appear within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."

Pursuant to Federal Rule of Civil Procedure 16, "[o]n motion or on its own, a court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party or its attorney…fails to obey scheduling or other pretrial order." Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii) outlines actions the court may take, including "rendering a default judgment against a disobedient party."

Here, the court has provided ample time for Mr. Wolfgramm to respond to the order to show cause or to enter an appearance. Mr. Wolfgramm has chosen not to respond to this order or file an appearance as required by this court's local rules and as ordered by both Judge Oberg and the undersigned. Mr. Wolfgramm has had adequate notice and multiple opportunities to comply with the court's orders. The court thus finds that default judgment should be entered against Mr. Wolfgramm on all causes of action pursuant to Federal Rule of Civil Procedure 16 and 37 and local rule DUCivR83-1.4(e)(5).

      The court notes that a certificate of default was previously entered against Defendant Bitex, LLC, see Dkt. No. 15, and that the court previously denied without prejudice Plaintiff's motion for default judgment against Defendant Bitex on the ground that "[w]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." Dkt. No. 42 (quoting *Hunt v. InterGlobe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir.1985)).

      In light of the court's previous order, the court will defer entering default judgment against Defendant Wolfgramm until Plaintiff has filed a renewed motion for default judgment against Defendant Bitex, LLC. That motion should comply with the requirements of DUCivR 55-1(b) and should be accompanied by a proposed order of default judgment against all Defendants.

      IT IS SO ORDERED.

DATED this 13th day of November, 2020.

BY THE COURT:

_____

Howard C. Nielson, Jr.
United States District Judge